BARBARA WYLIE SAUNDERS v. FRANK LAMAR SAUNDERS

No. 8018DC1183

(Filed 16 June 1981)

**Divorce and Alimony § 19.5, 24.2— child support and alimony — automatic increase — method of computation**

> Where a separation agreement between the parties provided that defendant should be charged with "percentage wise" increases in his monthly payments of alimony and child support based upon increases in his gross annual income, defendant's gross annual income could be interpreted to include longevity pay, bonuses, and money realized from summer employment, rather than being limited to defendant's base salary from the public school system.

APPEAL by plaintiff from *Williams, Judge.* Order entered 2 October 1980 in District Court, GUILFORD County. Heard in the Court of Appeals 27 May 1981.

On ˙30 July 1973, plaintiff and defendant entered into a separation agreement which provided in part as follows:

> "TWELFTH: That the party of the first part shall pay to the party of the second part the sum of $500.00 per month for her support and the support of the children born of their marriage, . . . that the monthly payments of $500.00 are based upon the party of the first part having a gross annual income of $17,400.00, and upon any increase in that gross annual income there shall be a corresponding increase percentage wise in the said monthly payments by the party of the first part to the party of the second part."

On 26 February 1980, plaintiff instituted this action complaining that defendant's gross annual income had increased since 1973, and that, as a result, the monthly payments of $500.00 should be increased under Article Twelve of their separation agreement.

Prior to the hearing before the district court, the parties stipulated that:

> "3. [I]n the year 1973 . . . defendant's projected salary for that year on account of his employment with the Greensboro Public Schools was $17,400.00.

4. [I]n 1977, defendant's total salary income was $21,734.40, including $999.14 in longevity pay from Greensboro Public Schools . . . .

5. [In] 1978, defendant's total salary income was $29,565.44, including $1,057.54 in longevity pay from Greensboro Public Schools, and $1,200.00 realized from summer employment by the University of North Carolina at Greensboro . . . .

6. [In] 1979, defendant's total salary income was $29,784.58, which included $1,109.16 in longevity pay from Greensboro Public Schools, [and] a $200.00 bonus . . . ."

The district court found that gross annual income earned by the defendant did not include additional income for longevity pay, his $200.00 bonus, or pay for work in the summer school at the University of North Carolina at Greensboro.

Plaintiff appealed.

*Mary F. Cannon and Luke Wright for plaintiff appellant.*

*Graham, Cooke and Miles, by E. Norman Graham, for defendant appellee.*

WEBB, Judge.

Plaintiff contends the court erred in its interpretation of "gross annual income." We agree. The agreement is clear and unambiguous, and "[t]he terms of an unambiguous contract are to be taken and understood in their plain, ordinary and popular sense." *Weyerhaeuser Co. v. Light Co.*, 257 N.C. 717, 719, 127 S.E. 2d 539, 541 (1962). "Gross annual income" in its "plain, ordinary and popular sense" means total income without deductions. Under this definition, defendant's "gross annual income" should be interpreted to include longevity pay, bonuses and money realized from summer employment. It is from this sum, and not his base salary, that defendant should be charged with "percentage wise" increases in his monthly payments of alimony and support as prescribed by the agreement.

We note the parties, in their arguments and briefs, informed the Court that: (1) plaintiff's attorney prepared the agreement, (2) dividends and interest were not included in the parties' inter-

pretation of "gross annual income," and (3) defendant's salary in 1973, from his work with Greensboro schools, was slightly less than $17,400.00. The record does not contain any of these facts, and we have not considered them as a basis for this opinion.

We reverse and remand for an order consistent with this opinion.

Reversed and remanded.

Chief Judge MORRIS and Judge WHICHARD concur.