NO. COA13-1184

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

ELIZABETH HINSHAW,
    Plaintiff/Mother,

    v.                           Mecklenburg County
                                    No. 09 CVD 3118
JOHN KUNTZ,
    Defendant/Father.


Appeal by plaintiff from judgment entered 8 May 2013 by Judge Paige B. McThenia in Mecklenburg County District Court. Heard in the Court of Appeals 9 April 2014.

> *HORACK TALLEY PHARR & LOWNDES, P.A., by Christopher T. Hood and Elizabeth J. James, for plaintiff.*

> *Krusch & Sellers, P.A., by Rebecca K. Watts, for defendant.*


ELMORE, Judge.

Elizabeth Hinshaw (plaintiff) appeals the trial court's 8 May 2013 child support award on the basis that the trial court erred in (1) failing to include bonus income in calculating the parties' base income, (2) denying her claim for retroactive child support, and (3) denying her motion for reasonable attorney's fees. After careful review, we find no error in the latter two issues, but hold that the trial court erred in the

first. Accordingly, we affirm, in part, and reverse and remand, in part, for further action consistent with this opinion.

## I. **Background**

Plaintiff and John Kuntz (defendant) were married in September 2001, separated in December 2006, and divorced in July 2010. The parties are the parents of three minor children, namely, A. Kuntz, born 15 September 2002; S. Kuntz, born 6 February 2004; and E. Hinshaw, born 27 January 2007 (the minor children). Plaintiff was awarded primary physical custody of the minor children pursuant to a Consent Order for Child Custody entered 16 April 2009. On 12 February 2009, the parties entered into a Settlement Agreement/Separation Agreement (the Agreement) whereby defendant agreed to pay plaintiff child support in the amount of $1,750.00 per month and alimony in the amount of $5,000.00 per month until 31 August 2010, the date on which his alimony obligation was to terminate. The Agreement further provided that, after alimony ended, the parties were to renegotiate the amount of child support defendant would pay plaintiff pursuant to the North Carolina Child Support Guidelines (the Guidelines). At the time the parties negotiated the Agreement, their combined adjusted gross income was less than $25,000.00 per month.

When alimony ended, defendant voluntarily increased his child support payment from $1,750.00 per month to $2,750.00 per month. Plaintiff did not find this new sum to be an adequate support payment. The parties were subsequently unable to agree on an appropriate child support award; therefore, plaintiff filed a Motion in the Cause for Child Support on 29 March 2011. In her motion, plaintiff alleged that the amount of child support currently paid by defendant was not adequate to meet the needs of the minor children.

In its 8 May 2013 Child Support Order, the trial court made the following findings of fact: After spending a number of years as a stay-at-home parent, plaintiff was hired by Wells Fargo in April 2010. Plaintiff's gross base income from Wells Fargo totaled $121,000.00 per year; she also earned approximately $94.00 per month on a crossword puzzle business and $48.00 in interest and dividend income. Therefore, plaintiff's gross yearly income totaled $122,904.00. Plaintiff has received and can continue to expect an annual bonus from her employer. Defendant is employed by Bank of America earning an annual salary of $211,000.00. Defendant has received and can continue to expect an annual bonus from his employer.

Based on these figures, the trial court found that the supporting parent's basic child support obligation could not be determined by using the child support schedule outlined in the Guidelines because the parents' combined adjusted gross income exceeded $25,000.00 per month. Accordingly, the trial court determined that the minor children's reasonable needs and expenses totaled $6,630.89 per month, with $5,768.70 attributable to plaintiff's household and $862.19 attributable to defendant's household. Based solely on the parties' monthly gross incomes—without accounting for bonus income—the trial court ordered defendant to pay sixty percent (60%) of the minor children's reasonable needs and expenses, which totaled $3,978.53 per month. After crediting defendant $862.19, the trial court set defendant's child support obligation at $3,116.34 per month. Further, the trial court ordered defendant to pay $8,425.82 in arrears (prospective child support). Both parties' motions for attorney's fees were denied in the 8 May 2013 order. Plaintiff now appeals.

## II. Analysis

### A. Bonus Income

Plaintiff first argues that the trial court erred in excluding the parties' bonus income when calculating the parties actual income and the overall child support award. We agree.

"In reviewing child support orders, our review is limited to a determination whether the trial court abused its discretion. Under this standard of review, the trial court's ruling will be overturned only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Spicer v. Spicer*, 168 N.C. App. 283, 287, 607 S.E.2d 678, 682 (2005) (citations omitted). "Child support calculations under the guidelines are based on the parents' current [or actual] incomes at the time the order is entered." *Caskey v. Caskey*, 206 N.C. App. 710, 713, 698 S.E.2d 712, 714 (2010) (citations omitted). Under the Guidelines, "income" is defined as:

> [A] parent's actual gross income from any source, including but not limited to income from employment or self-employment (salaries, wages, commissions, **bonuses**, dividends, severance pay, etc.) . . . . When income is received on an irregular, non-recurring, or one-time basis, the court may average or pro-rate the income over a specified period of time or require an obligor to pay as child support a percentage of his or her non-recurring income that is equivalent to the percentage of his or her recurring income paid for child support. When income is received on an irregular,

> non-recurring, or one-time basis, the court may average or pro-rate the income over a specified period of time or require an obligor to pay as child support a percentage of his or her non-recurring income that is equivalent to the percentage of his or her recurring income paid for child support.

N.C. Child Support Guidelines, 2012 Ann. R. N.C. 51. "Gross annual income in its plain, ordinary and popular sense means total income without deductions." *Saunders v. Saunders*, 52 N.C. App. 623, 624, 279 S.E.2d 90, 91 (1981) (internal quotations omitted). This definition "include[s] longevity pay [and] bonuses." *Id*.

In the case *sub judice*, the trial court found that both parties had received and remained eligible for an annual bonus. Specifically, the trial court found that defendant's 2011 bonus totaled $114,002.20 ($28,500.00 of cash and $85,502.20 of restricted stock); his 2010 bonus totaled $114,000.00; and his 2009 bonus totaled $37,500.00. Plaintiff's 2011 bonus totaled $30,800.00, and her 2010 bonus totaled $17,931.00, representing nine months of employment. However, in Finding #118 the trial court declined to incorporate the parties' bonus income in its calculation of the parties' base income for the following reason:

> Given that the reasonable needs and expenses

> of the children are covered by the parties each month prior to the addition of bonus income deferred compensation, tuition reimbursement or other increases to base income, and given that both parties are eligible for a bonus each year, the Court declines to calculate bonus income, deferred compensation, tuition reimbursement or other increases to base income as part of child support.

On appeal, plaintiff contends that the trial court was required to include bonus income in calculating the parties' gross base income. Alternatively, defendant argues that because his bonus income is irregular or non-recurring, "the trial court is to address that income separately from the parties' gross monthly income when determining child support." Defendant avers: "The approach of separating out irregular or non-recurring income from regular, ongoing income . . . makes sense" given that there is no "guarantee" of receiving a bonus. We disagree with defendant and point out that he cites no authority to support his position.

First, we note that the plain language of the Guidelines clearly includes bonus income in the definition of "income." Should certain bonus or other income be deemed irregular or non-recurring, the Guidelines further instruct the trial court to average or pro-rate the income or order the obligor to pay a

percentage of his or her non-recurring income equivalent to the percentage of his or her recurring income for child support. There is no provision in the Guidelines that instructs the trial court to completely separate irregular or non-recurring bonus income from its calculations. Second, we can infer that the trial court found that the bonus income was not irregular or non-recurring given that the order specifically stated each party had received and could expect an annual bonus. After reviewing the record, we agree that the bonus income did not constitute irregular or non-recurring income as contemplated by the Guidelines. Finally, there is no provision in the Guidelines which instructs the trial court that it may elect to opt out of including bonus income in its calculations based solely on the premise that the reasonable needs and expenses of the children are otherwise satisfied without its inclusion. Because the Guidelines include bonus income in the definition of income, and because the bonus income was not irregular or non-recurring, the trial court was required to include the bonus income in calculating the parties' base income and the overall child support award. Its failure to do so constituted an abuse of discretion. *See e.g., Waller v. Waller*, 20 N.C. App. 710, 713, 202 S.E.2d 791, 793 (1974) (holding that before ruling on a

motion to modify child support, the trial court must give consideration to the fact that part of the defendant's income was a bonus which fluctuated from year to year).

## B. **Retroactive Child Support**

Plaintiff next argues that the trial court erred in failing to award retroactive child support from 1 September 2010 through the time she filed her complaint in district court. We disagree.

"Child support awarded prior to the time a party files a complaint is properly classified as retroactive child support." *Carson v. Carson*, 199 N.C. App. 101, 105, 680 S.E.2d 885, 888 (2009) (quotation and internal citations omitted). "[R]etroactive child support payments are only recoverable for amounts actually expended on the child's behalf during the relevant period. Therefore, a party seeking retroactive child support must present sufficient evidence of past expenditures made on behalf of the child, and evidence that such expenditures were reasonably necessary." *Robinson v. Robinson*, 210 N.C. App. 319, 333, 707 S.E.2d 785, 795 (2011) (quotations and citations omitted). "[W]here the parties have complied with the payment obligations specified in a valid, unincorporated separation agreement," the trial court is prohibited from awarding

retroactive child support, absent an emergency situation. *Carson* at 106-107, 680 S.E.2d at 889.

On appeal, plaintiff's argument is premised on the notion that the child support provision in the Agreement expired when defendant's obligation to pay alimony likewise expired. As such, plaintiff contends that the parties were not subject to a valid, unincorporated separation agreement as of 1 September 2010. Plaintiff avers, "the parties were, for purposes of child support, in a position procedurally analogous to that where parties separate without executing a separation agreement providing for child support." Plaintiff's argument is similar to the argument advanced by the plaintiff-mother in *Carson*. In *Carson*, the parties entered into an unincorporated separation agreement in March 2008, which provided that the defendant-father would pay a child support obligation of $500.00 per month until the parties were able to negotiate the terms of a consent order for child support. *Id*. at 103, 680 S.E.2d at 887. In the event the parties were unable to negotiate a consent order within one year, the separation agreement stated that either party could file a complaint in district court. *Id*. The parties never negotiated the terms of a consent order; the

defendant-father continued to pay $500.00 per month in child support. *Id.*

Eight years passed before the plaintiff-mother filed a complaint in district court seeking retroactive child support, claiming that she was "entitled to reimbursement from defendant for a portion of the actual expenses incurred for the benefit of the minor child from August 2003 through the present." *Id.* at 104, 680 S.E.2d at 887 (internal quotation omitted). The trial court ordered the defendant-father to pay $31,036.85 in retroactive and prospective child support from September 2003 through January 2008. *Id.* at 104, 680 S.E.2d at 888. On appeal, the defendant-father argued that the trial court erred in awarding the plaintiff-mother retroactive child support because he had consistently paid $500.00 per month in accord with the terms of the parties' separation agreement. *Id.* at 105, 680 S.E.2d at 888. This Court held that, because the defendant-father fully complied with the terms of the valid, unincorporated separation agreement, the trial court was prohibited from awarding retroactive child support in excess of the stated terms of the separation agreement. *Id.* at 108, 680 S.E.2d at 890 (holding "where there is a valid, unincorporated separation agreement, which dictates the obligations of the

parent providing support, and the parent complies fully with this obligation, the trial court is not permitted to award retroactive child support absent an emergency situation").

In the instant case, plaintiff's argument that the child support provision "expired" is without merit. Here, the parties were operating under a valid, unincorporated separation agreement which clearly intended for defendant to continue making child support payments after the expiration of the alimony term. It is undisputed that defendant made monthly payments pursuant to the terms of the Agreement from the time it became effective until the time plaintiff filed a complaint in district court. Defendant even voluntarily increased his support payment from the mandated $1,750.00 per month to $2,750.00 per month. Should plaintiff have found $2,750.00 to be an acceptable support payment, the parties could have operated under the terms of the Agreement indefinitely. On these facts, the trial court lacked authority to award retroactive child support because defendant, at all requisite times, abided by the terms of the valid, unincorporated separation agreement. Accordingly, the trial court did not err in denying plaintiff's claim for retroactive child support.

Assuming *arguendo* that the trial court had authority to award retroactive child support, plaintiff's argument remains unconvincing. Again, retroactive child support is based on the non-custodial parent's share of the reasonable actual expenditures made by the custodial parent on behalf of the child. *Robinson, supra*. The record discloses that plaintiff failed to present evidence to the trial court regarding the specific amounts she actually expended to support the minor children during the requisite period for which she sought retroactive child support. As such, plaintiff failed to meet her burden of proof. The trial court did not err in declining to award plaintiff retroactive child support on these facts. Having found that the original terms of the Agreement were not reasonable to meet the children's needs, the trial court was justified in awarding prospective child support in the amount of $8,425.82.

## C. Attorney's Fees

Lastly, plaintiff argues that the trial court erred in denying her motion for an award of attorney's fees. We disagree.

In a child support action, the trial court has discretion to award attorney's fees to "an interested party acting in good

faith who has insufficient means to defray the expense of the suit." N.C. Gen. Stat. § 50-13.6 (2013). Whether a party has satisfied these requirements is a question of law fully reviewable on appeal. *Barrett v. Barrett*, 140 N.C. App. 369, 374, 536 S.E.2d 642, 646 (2000) (citation omitted). Generally, the dependent spouse has insufficient means to defray the costs of litigation if he or she is unable "as litigant to meet the supporting spouse as litigant on substantially even terms." *Theokas v. Theokas*, 97 N.C. App. 626, 630-31, 389 S.E.2d 278, 281 (1990) (citation omitted). In addition, "[b]efore ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has **refused** to **provide support which is adequate** under the circumstances existing at the time of the institution of the action or proceeding[.]" N.C. Gen. Stat. § 50-13.6 (emphasis added).

In the instant action, both parties requested an award of attorney's fees. Specifically, plaintiff sought to recover "at least" $25,265.50 in attorney's fees from defendant. In its order, the trial court found that neither party was entitled to recover attorney's fees because each had sufficient means to defray the cost of litigation. On appeal, our focus hinges on whether plaintiff had sufficient funds to defray the costs of

litigation. "With regard to this determination, a court should generally focus on the disposable income and estate of just that spouse, although a comparison of the two spouses' estates may sometimes be appropriate." *Barrett* at 374, 536 S.E.2d at 646 (citation omitted). Having reviewed the trial court's findings, we find them to be sufficient to form a basis to deny plaintiff attorney's fees. Excluding bonus income, plaintiff's monthly gross income is $10,242.00, and her reasonable needs total $3,183.87. After paying $2,652.35 per month towards the minor children's reasonable needs, plaintiff is left with a surplus of $4,405.78 per month. This alone supports the trial court's determination that plaintiff had sufficient means to defray the cost of litigation.

Further, the trial court did not find as fact that defendant refused to provide support which was adequate under the circumstances. *See* N.C. Gen. Stat. § 50-13.6. The record indicates that defendant complied with the terms of the Agreement directing him to make child support payments; in fact, he voluntarily made support payments in excess of what he was required to pay. This evidence further supports the trial court's decision to deny plaintiff's motion for attorney's fees. *See Prescott v. Prescott*, 83 N.C. App. 254, 262, 350 S.E.2d 116,

121 (1986) (holding that the trial court did not abuse its discretion in denying wife's motion for reasonable attorney's fees in connection with her child support action when the husband paid adequate child support and voluntarily made additional support payment which he was not obligated to make under the parties' consent order). We hold that the trial court's findings of fact are supported by competent evidence and conclude that it was not an abuse of discretion for the trial court to deny plaintiff's motion for an award of attorney's fees.

## III. <u>Conclusion</u>

The trial court did not err in denying plaintiff's motions for retroactive child support and for attorney's fees. However, by excluding the parties' bonus income in its calculation of the parties' gross base income, the trial court did err in calculating its child support award. We reverse the requisite portions of the trial court's order and remand so that the trial court can include the bonus income in its calculations. We further instruct the trial court to recalculate the supporting parent's child support obligation accordingly.

Affirmed, in part; reversed and remanded, in part.

Judges McCULLOUGH and DAVIS concur.