IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-269

 No. COA20-34

 Filed 15 June 2021

 Mecklenburg County, No. 13 CVD 16798

 CATHERINE KINCHELOE (WILKINSON), Plaintiff,

 v.

 JOHN KINCHELOE, Defendant.

 Appeal by plaintiff from order entered 10 July 2019 by Judge Aretha V. Blake

 in District Court, Mecklenburg County. Heard in the Court of Appeals 9 September

 2020.

 Plumides, Romano, Johnson & Cacheris, P.C., by Richard B. Johnson, for
 plaintiff-appellant.

 Myers Law Firm, PLLC, by Matthew R. Myers, for defendant-appellee.

 STROUD, Chief Judge.

¶1 Mother appeals an order modifying child support. Mother argues the trial

 court abused its discretion by excluding Father’s bonus income from his gross income

 for purposes of calculation of child support and by double-counting support provided

 by her mother as both income and a reduction of her living expenses. Mother

 contends the trial court erred by deviating from the North Carolina Child Support

 Guidelines without making the required findings. In addition, Mother contends the

 trial court erred by determining Mother owed Father for overpayment of child
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 support and reimbursement of expenses not supported by the evidence. We conclude

 the trial court erred by failing to make sufficient findings to support deviation from

 the North Carolina Child Support Guidelines and by failing to make sufficient

 findings to allow appellate review of the child support amount and arrears

 established. We reverse and remand the trial court’s order for entry of a new order

 with appropriate findings and conclusions of law.

 I. Background

¶2 Mother and Father had two children during their marriage. In 2013, the

 parties separated. Mother filed a complaint with claims for child custody, child

 support, post-separation support, alimony, and equitable distribution. Father filed

 an answer and counterclaims for custody, child support, and equitable distribution.

 In December 2013, Mother and Father entered into a consent order resolving their

 claims of child custody, child support, and equitable distribution (“2013 Consent

 Order”). The 2013 Consent Order did not include detailed findings regarding the

 parties’ incomes and calculation of child support but noted the parties had agreed

 upon the calculation based upon their incomes and the costs of medical and dental

 insurance provided by Father. The parties stipulated that the child support of

 $820.00 per month was “a compromise and shall not be deemed to be a deviation from

 the Guidelines.” Father was ordered to pay the child support “bi-weekly by bank

 transfer.” The 2013 Consent Order also provided for Father to maintain medical and
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 dental insurance for the children; to pay 60% of any uninsured expenses; and to pay

 60% of “the costs of all agreed-upon extracurricular activities.” The 2013 Consent

 Order also noted that the parties would enter into a separate agreement regarding

 post-separation support and alimony and Mother would dismiss these claims.

¶3 On 23 May 2017, Mother filed a motion to modify child custody, to increase

 child support, and to appoint a parenting coordinator. Mother alleged the existing

 child support order was over three years old and she believed child support would

 increase by more than 15% based upon “the parties’ incomes and child-related

 expenses.” Father filed a response, alleging upon information and belief that the

 child support amount should be decreased. The parties agreed to a temporary consent

 order modifying child custody and appointing a parenting coordinator. Father filed

 a motion to deviate from the child support guidelines, alleging that guideline child

 support “may exceed the reasonable needs of the children or would otherwise be

 unjust or inappropriate.” Mother filed a motion for wage garnishment and to

 determine child support arrears and attorney’s fees. She alleged Father had failed to

 pay the full amount of his child support in various months when he deducted “what

 he believes, [Mother] owes him for various medical and extracurricular expenses.”

¶4 There were multiple hearings on the various motions before the trial court.

 The trial court heard the motions of both parties regarding child support, wage

 garnishment, determination of arrears, and deviation from the Child Support
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 Guidelines on 26 June and 14 September 2018. The trial court entered its order

 addressing these motions on 10 July 2019 (“2019 Order”). The 2019 Order reduced

 Father’s monthly child support to $471.36 per month as of 1 October 2018 and also

 required him to pay 2% of his annual bonus within 30 days of receipt. The order

 determined Mother owed Father $5,313.44 for overpayment of child support and

 unreimbursed expenses. The order also changed the allocation of the uninsured

 medical expenses and “agreed-upon extra-curricular activities” to 66% paid by Father

 and 34% paid by Mother. Mother timely appealed.

 II. North Carolina Child Support Guidelines

¶5 Mother argues many of the trial court’s findings are not supported by the

 evidence and that the trial court failed to make the findings necessary to support its

 decision to deviate from the Child Support Guidelines and findings adequate to

 permit review of the trial court’s calculation of child support.

 A. Standard of Review

¶6 This Court’s standard of review of an order establishing child support based

 upon a deviation from the child support guidelines is well established:

 A trial court’s deviation from the Guidelines is reviewed
 under an abuse of discretion standard.
 Nevertheless, in deviating from the Guidelines, a
 trial court must follow a four-step process:
 First, the trial court must determine the
 presumptive child support amount under the
 Guidelines. Second, the trial court must hear
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 evidence as to the reasonable needs of the
 child for support and the relative ability of
 each parent to provide support. Third, the
 trial court must determine, by the greater
 weight of this evidence, whether the
 presumptive support amount would not meet
 or would exceed the reasonable needs of the
 child considering the relative ability of each
 parent to provide support or would be
 otherwise unjust or inappropriate. Fourth,
 following its determination that deviation is
 warranted, in order to allow effective
 appellate review, the trial court must enter
 written findings of fact showing the
 presumptive child support amount under the
 Guidelines; the reasonable needs of the child;
 the relative ability of each party to provide
 support; and that application of the
 Guidelines would exceed or would not meet
 the reasonable needs of the child or would be
 otherwise unjust or inappropriate.

 Spicer v. Spicer, 168 N.C. App. 283, 292, 607 S.E.2d 678, 685 (2005) (citation omitted)

 (quoting Sain v. Sain, 134 N.C. App. 460, 465-66, 517S.E.2d 921, 926 (1999)).

 B. Deviation

¶7 The findings of fact and conclusions of law required in an order setting child

 support based upon the reasonable needs of the child and relative abilities of the

 parents to pay support are more detailed than those required for an order based upon

 the Child Support Guidelines:

 “If the trial court imposes the presumptive amount
 of child support under the Guidelines, it is not . . . required
 to take any evidence, make any findings of fact, or enter
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 any conclusions of law ‘relating to the reasonable needs of
 the child for support and the relative ability of each parent
 to [pay or] provide support.’” “However, upon a party’s
 request that the trial court deviate from the Guidelines . .
 . or the court’s decision on its own initiative to deviate from
 the presumptive amounts . . . [,] the court must hear
 evidence and find facts related to the reasonable needs of
 the child for support and the parent’s ability to pay.” In
 other words, “evidence of, and findings of fact on, the
 parties’ income, estates, and present reasonable expenses
 are necessary to determine their relative abilities to pay.”
 In the course of making the required findings, “the trial
 court must consider ‘the reasonable needs of the child for
 health, education, and maintenance, having due regard to
 the estates, earnings, conditions, accustomed standard of
 living of the child and the parties, the child care and
 homemaker contributions of each party, and other facts of
 the particular case.’” “These ‘factors should be included in
 the findings if the trial court is requested to deviate from
 the [G]uidelines.’” As a result, given that Defendant
 requested the trial court to deviate from the child support
 guidelines, the trial court was required to “hear evidence
 and find facts related to the reasonable needs of the child
 for support and the parent’s ability to pay.”

 Ferguson v. Ferguson, 238 N.C. App. 257, 260-61, 768 S.E.2d 30, 33-34 (2014)

 (alterations in original) (citations omitted).

¶8 Mother argues, “the trial court abused its discretion by deviating from the

 North Carolina Child Support Guidelines by reducing [Father’s] payment from his

 annual bonus from 5.1% to 2%.”1 (Original in all caps.) Although the trial court has

 1 The trial court found Guideline Child support based upon Father’s base monthly income of

 $9,216.00 would be $471.364. The trial court found “[i]f Father were to pay 5.1% of his 2017
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 substantial discretion in setting the amount of child support, if the child support is

 based upon a deviation from the child support guidelines, the trial court must follow

 the “four-step process” for this determination. Spicer, 168 N.C. App. at 292, 607

 S.E.2d at 685. The findings of fact must be sufficient to allow appellate review of the

 calculation. Id.

 Our Supreme Court has explained that “an order for child
 support must be based upon the interplay of the trial
 court’s conclusions of law as to (1) the amount of support
 necessary to ‘meet the reasonable needs of the child’ and
 (2) the relative ability of the parties to provide that
 amount.” These conclusions must in turn be based on
 factual findings “specific enough to indicate to the
 appellate court that the judge below took due regard of the
 particular estates, earnings, conditions, [and] accustomed
 standard of living of both the child and the parents.”
 Without sufficient findings, an appellate court has no
 means of determining whether the order is adequately
 supported by competent evidence. The Court stressed that
 “[i]t is not enough that there may be evidence in the record
 sufficient to support findings which could have been made.
 The trial court must itself determine what pertinent facts
 are actually established by the evidence before it . . . .”

 Id. at 293, 607 S.E.2d at 685 (alterations in original) (citations omitted) (quoting

 Coble v. Coble, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980)).

¶9 Here, the 2019 Order addresses only part of the first step of the four-step

 bonus to Mother, the amount would have been $9,690.00.” The trial court determined that
 5.1% of Father’s bonus “would exceed the reasonable needs of the children” and ordered that
 he pay 2% of his bonus.
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 process described in the Child Support Guidelines. The trial court did not follow the

 statutory procedure for establishing child support set forth in North Carolina General

 Statute § 50-13.4.

 The court shall determine the amount of child support
 payments by applying the presumptive guidelines
 established pursuant to subsection (c1) of this section.
 However, upon request of any party, the Court shall hear
 evidence, and from the evidence, find the facts relating to
 the reasonable needs of the child for support and the
 relative ability of each parent to provide support. If, after
 considering the evidence, the Court finds by the greater
 weight of the evidence that the application of the guidelines
 would not meet or would exceed the reasonable needs of the
 child considering the relative ability of each parent to
 provide support or would be otherwise unjust or
 inappropriate the Court may vary from the guidelines. If
 the court orders an amount other than the amount
 determined by application of the presumptive guidelines,
 the court shall make findings of fact as to the criteria that
 justify varying from the guidelines and the basis for the
 amount ordered.

 N.C. Gen. Stat. § 50-13.4(c) (2019).

¶ 10 North Carolina General Statute § 50-13.4 sets forth two methods of

 determining child support. The first and presumptive method is the Child Support

 Guidelines. N.C. Gen. Stat. § 50-13.4(c). There is a presumption that child support

 will be established under the Child Support Guidelines in cases where the parties’

 incomes fall within the range addressed by the Guidelines. N.C. Child Support

 Guidelines, AOC-A-162, at 1 (2019) (“North Carolina’s child support guidelines apply
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 as a rebuttable presumption in all legal proceedings involving the child support

 obligation of a parent . . . .”). The Guidelines define “gross income” and if the parties’

 joint gross incomes fall above the Guidelines, the Guidelines do not apply. Id. at 2

 (“In cases in which the parents’ combined adjusted gross income is more than $30,000

 per month ($360,000 per year), the supporting parent’s basic child support obligation

 cannot be determined by using the child support schedule.”).

 If the trial court imposes the presumptive amount of
 child support under the Guidelines, it is
 not . . . required to take any evidence, make
 any findings of fact, or enter any conclusions
 of law “relating to the reasonable needs of the
 child for support and the relative ability of
 each parent to [pay or] provide support.

 Biggs v. Greer, 136 N.C. App. 294, 297, 524 S.E.2d 577, 581 (2000) (alterations in

 original) (quoting Browne v. Browne, 101 N.C. App. 617, 624, 400 S.E.2d 736, 740

 (1991)).

¶ 11 The trial court must use the second method to calculate child support when the

 Guidelines do not apply because the parties’ incomes fall above the Guidelines or

 when the trial court determines deviation from the Guidelines is necessary because

 “after considering the evidence, the Court finds by the greater weight of the evidence

 that the application of the guidelines would not meet or would exceed the reasonable

 needs of the child considering the relative ability of each parent to provide support or

 would be otherwise unjust or inappropriate . . . . N.C. Gen. Stat. § 50-13.4 (c). In this
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 instance, the trial court “must hear evidence and find facts related to the reasonable

 needs of the child for support and the parent’s ability to pay[.]” Biggs v. Greer, 136

 N.C. App. at 297, 524 S.E.2d at 581 (“However, upon a party’s request that the trial

 court deviate from the Guidelines, G.S. § 50–13.4(c), or the court’s decision on its own

 initiative to deviate from the presumptive amounts, the court must hear evidence and

 find facts related to the reasonable needs of the child for support and the parent’s

 ability to pay, G.S. § 50–13.4(c).” (citation omitted)).

¶ 12 The North Carolina Child Support Guidelines define income as “a parent’s

 actual gross income from any source, including but not limited to income from

 employment or self-employment (salaries, wages, commissions, bonuses, dividends,

 severance pay, etc.)[.]” N.C. Child Support Guidelines at 3 (emphasis added). For

 non-recurring income, “the court may average or prorate the income over a specified

 period of time or require an obligor to pay as child support a percentage of his or her

 non-recurring income that is equivalent to the percentage of his or her recurring

 income paid for child support.” Id. (emphasis added).

 The court upon its own motion or upon motion of a party
 may deviate from the guidelines if, after hearing evidence
 and making findings regarding the reasonable needs of the
 child for support and the relative ability of each parent to
 provide support, it finds by the greater weight of the
 evidence that application of the guidelines would not meet,
 or would exceed, the reasonable needs of the child
 considering the relative ability of each parent to provide
 support, or would otherwise be unjust or inappropriate. If
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 the court deviates from the guidelines, the court must make
 written findings (1) stating the amount of the supporting
 parent’s presumptive child support obligation determined
 pursuant to these guidelines, (2) determining the reasonable
 needs of the child and the relative ability of each parent to
 provide support, (3) supporting the court’s conclusion that
 the presumptive amount of child support determined under
 the guidelines is inadequate or excessive or that application
 of the guidelines is otherwise unjust or inappropriate, and
 (4) stating the basis on which the court determined the
 amount of child support ordered.

 Id. (emphasis added).

¶ 13 The trial court found Father’s “gross monthly income” was “$9,216” or

 $110,592.00 per year, but this amount was only his base income. Father regularly

 received substantial bonuses which sometimes exceeded his base income. Father’s

 evidence showed his bonus in 2013 was $71,550.91; in 2014 it was $95,930.00; in 2015

 it was $127,543.55; in 2016 it was $123,932.89, and in 2017 it was $190,000.00.

 Mother’s gross monthly income from her job was $3,713.00. The trial court also found

 Mother’s gross monthly income should be increased by $1,041.77 because “Mother

 lives with her mother and does not pay rent or utilities.” This brings mother’s total

 annual income to $57,057.24.

¶ 14 Here, the trial court used a hybrid of a Guideline child support calculation and

 a deviation from the Guidelines, while making only minimal findings as would be

 appropriate in a Guideline child support determination but not sufficient to allow

 appellate review of an order deviating from the Guidelines. Specifically, the trial
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

court applied the Guidelines to Father’s base income only, excluding his bonuses from

the gross income calculation and calculating Guideline support using only his base

income, and then deviated from the Guidelines only as to Father’s income from his

bonuses. While the trial court found that Father’s yearly bonus was non-recurring

income, bonuses are included in the definition of income:

 First, we note that the plain language of the
 Guidelines clearly includes bonus income in the definition
 of “income.” Should certain bonus or other income be
 deemed irregular or nonrecurring, the Guidelines further
 instruct the trial court to average or pro-rate the income or
 order the obligor to pay a percentage of his or her non-
 recurring income equivalent to the percentage of his or her
 recurring income for child support. There is no provision in
 the Guidelines that instructs the trial court to completely
 separate irregular or non-recurring bonus income from its
 calculations. Second, we can infer that the trial court
 found that the bonus income was not irregular or non-
 recurring given that the order specifically stated each
 party had received and could expect an annual bonus.
 After reviewing the record, we agree that the bonus income
 did not constitute irregular or non-recurring income as
 contemplated by the Guidelines. Finally, there is no
 provision in the Guidelines which instructs the trial court
 that it may elect to opt out of including bonus income in its
 calculations based solely on the premise that the reasonable
 needs and expenses of the children are otherwise satisfied
 without its inclusion. Because the Guidelines include
 bonus income in the definition of income, and because the
 bonus income was not irregular or nonrecurring, the trial
 court was required to include the bonus income in
 calculating the parties’ base income and the overall child
 support award. Its failure to do so constituted an abuse of
 discretion.
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 Hinshaw v. Kuntz, 234 N.C. App. 502, 506-07, 760 S.E.2d 296, 300 (2014).

¶ 15 The first step of the four-step process was to “determine the presumptive child

 support amount under the Guidelines.” Spicer, 168 N.C. App. at 292, 607 S.E.2d at

 685. The trial court made some findings relevant to this first step but did not

 complete the first step. To complete the first step, the trial court must first make

 findings of Father’s gross income as defined by the Guidelines. Since Father’s bonus

 income varied over the years, the trial court may consider an average based upon

 Father’s income history or it may determine the entire gross income, including bonus

 income, in some other manner, but the findings of fact must address this issue. There

 is evidence in the record to support this type of finding, but only the trial court may

 make that determination. See Hinshaw v. Kuntz, 234 N.C. App. at 506-07, 760 S.E.2d

 at 300. Once the trial court has determined Father’s and Mother’s gross incomes, it

 must calculate “the presumptive child support amount under the Guidelines.” Spicer,

 168 N.C. App. at 292, 607 S.E.2d at 685. Since the trial court’s finding as to Father’s

 gross income did not include his bonuses, the trial court could not calculate “the

 “presumptive child support amount under the Guidelines,” id., and we cannot review

 the trial court’s determination to deviate from the Guidelines.

¶ 16 As to the second step, the trial court did “hear evidence as to the reasonable

 needs of the child for support and the relative ability of each parent to provide

 support.” Id. But the trial court did not make sufficient findings regarding the
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 reasonable needs of the child for support for this Court to be able to review this

 portion of the order. The findings state only that “[t]he listed expenses for the

 children are reasonable.” Although both parties presented evidence regarding the

 children’s expenses and which expenses they paid, the trial court did not explain

 which expenses it considered as reasonable or make any findings as to which party

 paid which expenses. In addition, the parties’ expenditures for the “agreed-upon

 extracurricular activities” for the children was a major factual issue but the order

 fails to resolve this issue. The parties clearly did not agree on all of the “agreed-upon”

 expenses.2

¶ 17 As to the third and fourth steps, the trial court determined the presumptive

 support amount “would exceed the reasonable needs of the child considering the

 relative ability of each parent to provide support or would be otherwise unjust or

 inappropriate.” Id. But the trial court did not make the findings required by the

 fourth step:

 Fourth, following its determination that deviation is

 2 The issues regarding custody and appointment of a parenting coordinator are not presented

 on appeal, but some of these issues are related to child support. Part of the dispute regarding
 custody and the need for a parenting coordinator was based upon the parties’ pattern of
 disagreements as to which sports and other activities the children should participate in and
 which parent should bear the cost of these expenses. Mother contended that based on the
 substantial income disparity between the parents, Father should not be allowed to have the
 children participate in certain events and then seek reimbursement from her. In addition,
 the parties agreed at times to certain activities, such as golf, and then later disagreed as to
 payment for particular golf-related events. Both children were involved in a wide variety of
 sports and other extracurricular activities.
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 warranted, in order to allow effective appellate review, the
 trial court must enter written findings of fact showing the
 presumptive child support amount under the Guidelines;
 the reasonable needs of the child; the relative ability of
 each party to provide support; and that application of the
 Guidelines would exceed or would not meet the reasonable
 needs of the child or would be otherwise unjust or
 inappropriate.

Id. Without adequate findings as to the reasonable needs of the children or the

presumptive child support as calculated based on the correct gross income of Father,

we cannot discern why the trial court deviated from the Guidelines. We also note

that Guideline child support normally does not take into account the vast array of

extracurricular expenses involved in this case, which included soccer, baseball, golf,

Boy Scouts, lacrosse, skiing, etiquette classes, tennis, and various summer camps.

These types of expenses can also be considered as “extraordinary expenses” under the

child support Guidelines. See Biggs, 136 N.C. App. at 298, 524 S.E.2d at 581-82

(“‘[D]etermination of what constitutes an extraordinary expense is . . . within the

discretion of the trial court[.]’ Based upon the Guideline language above, ‘the court

may, in its discretion, make adjustments [in the Guideline amounts] for

extraordinary expenses.’ However, incorporation of such adjustments into a child

support award does not constitute deviation from the Guidelines, but rather is

deemed a discretionary adjustment to the presumptive amounts set forth in the

Guidelines. In short, absent a party’s request for deviation, the trial court is not
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 required to set forth findings of fact related to the child’s needs and the non-custodial

 parent’s ability to pay extraordinary expenses.” (first, second, and fourth alterations

 in original) (citations omitted)). However, in this case, the trial court did not treat

 the extra-curricular expenses as “extraordinary expenses” for purposes of calculating

 Guideline child support under the first step of the analysis for deviation from the

 Guidelines, nor did the trial court consider the extraordinary expenses as part of the

 “reasonable needs” of the children based upon North Carolina General Statute § 50-

 13.4(c). Whether child support is calculated based upon the reasonable needs of the

 children and ability of the parties to provide support or upon the Guidelines, these

 expenses should be addressed by the trial court.

¶ 18 The trial court is required to make detailed “findings of fact as to the criteria

 that justify varying from the guidelines and the basis for the amount ordered.” N.C.

 Gen. Stat § 50-13.4(c); see Beamer v. Beamer, 169 N.C. App. 594, 599, 610 S.E.2d 220,

 224 (2005) (“[O]ur Supreme Court has stressed that ‘[i]t is not enough that there may

 be evidence in the record sufficient to support findings which could have been made.

 The trial court must itself determine what pertinent facts are actually established by

 the evidence before it . . . .’ Because the trial court failed to include the necessary

 findings of fact regarding the children’s reasonable needs, this Court must reverse

 and remand for further proceedings. See also 2 Suzanne Reynolds, Lee’s North

 Carolina Family Law § 10.15 (5th ed. 1999) (‘If the trial court fails to make findings
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 regarding the child’s reasonable needs, it cannot determine whether the application

 of the [G]uidelines would not meet the reasonable needs of the child, and deviation is

 improper.’).” (second and third alterations in original) (citations omitted)). The trial

 court has discretion in making the child support calculation, but the trial court does

 not have the discretion to establish child support by a method other than that

 established by North Carolina General Statute § 50-13.4, and it must make findings

 sufficient to allow appellate review of the child support calculation. We must

 therefore reverse the 2019 Order and remand for additional proceedings.

 C. Mother’s Income

¶ 19 Mother argues, “the trial court abused its discretion when it added $1,041.77

 per Month to [Mother’s] monthly income and then deviated from the North Car[o]lina

 Child Support Guidelines.”

 ¶ 20 Although we have already determined we must reverse the 2019 Order, we will

 also address Mother’s argument regarding the trial court’s findings regarding her

 income as the trial court must also make findings regarding Mother’s income to

 calculate child support on remand.

¶ 20 Here, as to Mother’s income and expense, the trial court found,

 12. Mother lives with her mother and does not pay
 rent or utilities. Her gross monthly income should be
 increased by $1,041.77 because the payment of these
 expenses by her mother substantially reduces her living
 expenses.
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 ....

 26. Mother’s income, her paying few living expenses,
 and her receiving monthly child support of $471.36 plus 2%
 of Father’s bonus, allows her to meet her share of the needs
 of the children.

¶ 21 The North Carolina Child Support Guidelines include “maintenance received

 from persons other than the parties to the instant action” as income, and the value of

 housing falls within this definition. Spicer, 168 N.C. App. at 289, 607 S.E.2d at 683

 (“We therefore hold that the trial court did not err in including the $300.00 per month

 value of Mr. Spicer’s housing as income.”).

¶ 22 The trial court did not err by treating housing and utilities provided by

 Mother’s mother as part of Mother’s income and increasing Mother’s income by

 $1,041.77. But because the trial court failed to make sufficient findings regarding

 Mother’s expenses, we are unable to determine to what extent Mother’s “few living

 expenses” resulted in the deviation from the child support Guidelines. Mother argues

 the trial court both added the housing and utilities provided by her mother to her

 income and then used her “reduced shared expenses (not paying rent and utilities) as

 a reason to deviate from the North Carolina Child Support Guidelines,” resulting in

 a “double-dip” to Mother’s detriment. Mother’s argument is plausible, but the trial

 court’s findings of fact are too minimal for us to determine if the trial court double-
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 counted these numbers.3 Since we are unable to determine whether the trial court

 counted the value of Mother’s “living expenses” twice, and we are reversing based on

 insufficient findings for deviation, we reverse the entire child support calculation and

 remand for a new order.

 D. Determination of Arrears

¶ 23 Because we are reversing the child support order, we must also reverse the

 order as to the calculation of arrears. Since the trial court based the arrears

 determination upon the child support obligation, at least in part, the entire arrears

 amount must be recalculated. However, Mother also argues that the trial court failed

 to make sufficient findings to allow appellate review of the arrears calculation.

 Specifically, the 2013 Consent Order required Mother and Father to pay portions of

 uninsured medical expenses and agreed-upon extracurricular expenses. Father also

 paid Mother alimony until August 2016. Thus, the sums Father was obligated to pay

 to Mother included monthly child support; alimony; 60% of unreimbursed medical

 expenses; and 60% of “agreed-upon” extracurricular expenses. The period of time

 addressed by the motion regarding arrears covered from December 2013 to

 September 2018. In any month in which Father failed to pay the full amount of child

 3 Mother also challenged many of the trial court’s findings of fact as unsupported by the

 evidence. We have not addressed each of these challenges since we have determined the
 findings did not address the factors as required by North Carolina General Statute § 50-
 13.4(c) and the Child Support Guidelines and are not sufficient to allow appellate review.
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 support, alimony, or other reimbursement sums owed, he would owe Mother arrears

 for that month. In any month he overpaid his obligations, Mother would owe this

 overpayment back to Father. Father also contended Mother owed him for 40% of

 unreimbursed medical expenses he had paid and 40% of agreed-upon extracurricular

 expenses he had paid.4 To the extent Mother failed to reimburse Father for these

 expenses, she would owe him arrears. The trial court may offset these amounts owed,

 assuming Father underpaid his child support and other obligations and Mother also

 underpaid her obligations.

¶ 24 Mother presented voluminous financial evidence including detailed evidence

 of the amounts Father paid in each month in question and the expenditures for which

 each party sought reimbursement, but the trial court did not make findings as to

 these sums. Instead, the trial court found “[t]here is insufficient evidence to support

 Mother’s claims. Based upon the competent evidence presented, any reduced

 payments to Mother for child support were reduced for Mother’s share of expenses

 Father paid for the children. Father does not owe Mother any arrears.” Father did

 not present evidence refuting the amounts of the payments Mother contended he had

 4 Mother and Father had substantial disputes regarding the children’s extracurricular
 activities, so the trial court must also determine which expenses were actually “agreed upon”
 as extracurricular expenses covered by the 2013 Consent Order. If either party sought
 reimbursement for extracurricular expenses not covered by the 2013 Consent Order, those
 expenses should not be included in the arrears calculation.
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 made but argues on appeal that Mother focuses on the “quantity of evidence she

 presented,” but “the quality of evidence is what is important.” We agree quality is

 more important than quantity, but without findings of fact addressing the factual

 issues raised, we cannot perform proper appellate review of the order.

¶ 25 Making matters more complicated, Father sometimes paid by bank transfer—

 the method dictated by the 2013 Consent Order—but sometimes paid by check or

 Venmo. According to Mother, she sometimes paid extracurricular expenses at

 Father’s behest directly and sometimes Father reduced his payment to Mother.

 Father did not present evidence explaining the reduced payments of child support as

 listed by Mother but simply testified that “every deduction has always been for some

 expense for the children.” He testified “it would take incredible forensics to go back

 in 2014 for the emails and bank accounts and everything else at this point so I’m a

 little caught off guard.” Father argues that some of Mother’s testimony and evidence

 regarding payments and expenses was “confusing and not complete.”

¶ 26 The trial court’s findings do not explain how the trial court calculated the

 precise number of $5,313.44 owed by Mother to Father. Although the trial court

 determines the credibility and weight of the evidence, here the findings are simply

 not adequate to allow appellate review of the issues presented and calculation of

 arrears. On remand, the trial court must make findings resolving the many factual

 disputes, including which extra-curricular expenses were “agreed upon” and thus
 KINCHELOE V. KINCHELOE

 2021-NCCOA-269

 Opinion of the Court

 covered by the 2013 Consent Order, and make findings adequate for appellate review

 of the order as to any arrears owed by either party.

 III. Conclusion

¶ 27 For the foregoing reasons, the trial court’s order is reversed and remanded for

 entry of a new order which complies with North Carolina General Statute § 50-13.4.

 If either party requests additional hearing after remand, the trial court shall receive

 additional evidence prior to entry of a new order. If neither party requests additional

 hearing, the trial court may enter a new order based solely upon the existing record.

 REVERSED AND REMANDED.

 Judges MURPHY and COLLINS concur.